IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01677-WYD-KLM

STEPHEN M. CARR,

    Plaintiff,

v.

OFFICER MICHELLE HANLEY, in her official and individual capacities,
OFFICER BRANDON SAMUELS, in his official and individual capacities, and
THE CITY OF AURORA, COLORADO,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [Docket No. 17; Filed November 9, 2009] (the "Motion"). The Defendants have filed a response [Docket No. 21], and the Motion is ripe for this Court's consideration.

The Plaintiff requests permission to amend his complaint in order to make four changes: (1) add defendants Duane Rogers, Tina Sampers, and Kim Hurt; (2) withdraw the claim against Defendant City of Aurora for punitive damages; (3) withdraw claims against Defendants Hanley and Samuels in their official capacities; and (4) amend factual allegations. The Plaintiff makes his request pursuant to Fed. R. Civ. P. 15(a)(2), which provides that a party may amend his pleading with the opposing party's written consent or the court's leave and that "[t]he court should freely give leave when justice so requires."

The Defendants do not object to withdrawal of the claim against Defendant City of Aurora for punitive damages and the claims against Defendants Hanley and Samuels in

their official capacities. Because the Defendants consent to those amendments, the Court will allow them. The Defendants take no position as to the addition of three named defendants, and they object to the Plaintiff amending the factual allegations of the Complaint. These two requests, therefore, may be granted only by leave of the Court.

"The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82(1962)). However, "this policy is not limitless and must be balanced against Fed. R. Civ. P. 7(b)(1)." *Id.* (citation omitted). Rule 7(b)(1) requires that any motion must "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought." "By requiring notice to the court and the opposing party of the basis for the motion, [R]ule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon*, 181 F.3d at 1186 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1192, at 42 (2d ed. 1990)).

The Plaintiff does not include as an attachment to his motion his proposed Amended Complaint. His request to add Defendants Rogers, Sampers, and Hurt is fairly specific, but his request to amend his factual allegations is not. Before granting either request, in order to ensure the requirements of Rule 7(b)(1) are met, the Court will require that the Plaintiff submit the proposed Amended Complaint. *See also* United States District Court – Electronic Filing Procedures, Version 3.0 § V.F.2 (providing that "if a filing of a document requires leave of the court (e.g., an amended complaint . . . ), the filer shall post the proposed document as an ECF attachment to the motion").

Furthermore, as pointed out by the Defendants, it is not clear that the Plaintiff conferred with the Defendants as to his request to add Defendants Sampers and Hurt and as to his request to amend the Complaint's factual allegations, as required by D.C.COLO.LCivR 7.1A.  *See* Docket No. 17, ¶ 7 (stating Plaintiff's counsel conferred with defendants as to requests (1)(a), (2), and (3), but not mentioning (4)).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part.**  To the extent the Plaintiff seeks to withdraw his claim for punitive damages against Defendant City of Aurora and his claims against Defendants Hanley and Samuels in their official capacities, the Motion is granted.

IT IS FURTHER **ORDERED** that to the extent the Plaintiff seeks to add three defendants and amend the factual allegations of his Complaint, the Motion is **DENIED without prejudice**.  The Plaintiff may renew his request by filing a second motion to amend, attaching to the motion his proposed amended Complaint, on or before December 18, 2009.

Dated:  December 3, 2009